UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELISSA D. BOUCHER, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Civ. No. 08-151-P-S |
| | ) |
| HOPE LEBLANC, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER ALLOWING SUPPLEMENTATION**

Pending in this court is a motion for summary judgment filed by the three defendants in Melissa Boucher's pro se civil rights action complaining about inadequate medical care for an injury she sustained at the Maine Correctional Center. In response to the defendants' motion for summary judgment Boucher has submitted a "Statement of Disputed Material Facts" in which she sets forth ten paragraphs of additional facts (Doc. No. 50). She has not filed a response to the defendants' statement of facts.[1] With respect to Paragraph 3 of her statement of additional facts, Boucher refers to Exhibit 2, which apparently is a Maine Medical Center emergency report, but neither Boucher nor the defendants have filed this exhibit with the court. What is more, Boucher relies heavily on her own representations about her medical condition and the response of the defendants, but she does not have a sworn affidavit or other record evidence to support these statements of fact. She has filed what she identifies as an affidavit (Doc. No. 49)

---

[1]     Subsection (c) of Local Rule 56 provides:
    A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph and supported by a record citation as required by subsection (f) of this rule.
Dist. Me. Loc. R. 56(c).

but this contains more legal argument than factual assertion and it is not sworn under penalty of perjury.[2] These are serious deficiencies. On the other hand, the defendants have filed no reply whatsoever to Boucher's responsive pleadings so, in a sense, they have left her statement of uncontested/additional facts -- deficient as they may be under District of Maine Local Rule 56(c) -- uncontested.

While this court does not as a rule excuse pro se plaintiffs from complying with District of Maine Local Rule 56, it does in certain cases approach summary judgment disputes involving an incarcerated pro se party with some leniency. See; Clarke v. Blais, 473 F.Supp.2d 124, 128 - 30 (D. Me. 2007) (Hornby, J.); see also Demmons v. Tritch, 484 F.Supp.2d 177, 182 -83 (D. Me. 2007) (Woodcock, J.).

Because I do not feel that I can decide this motion for summary judgment fairly on the record before me, I am giving Boucher the opportunity to supplement her response to the limited extent of amending her "Statement of Disputed Material Facts" to provide cognizable record citations in support of her ten paragraphs. I note that not only does this court not have the exhibit cited by Boucher, the defendants have not filed the entire Boucher Deposition but they have filed the page cited in Paragraph 4 of Boucher's statement of facts.[3] If Boucher seeks to rely on any other portion of her deposition in support of her facts she must file the cited portion(s) with the court. If Boucher seeks to rely on her own representations as to her experiences as record

---

[2] I also note that Boucher did not complete the portion of her form complaint that allows a plaintiff to affirm the complaint allegation under penalty of perjury.

[3] The defendants did comply fully and completely with the Local Rule and I am not suggesting their procedure was remiss in any fashion. However, I want Boucher to understand the limited record evidence before the court.

support for her statement of fact she must file an affidavit sworn under penalty of perjury.[4] In fairness to the defendants, Boucher is not permitted to file any summary judgment supplementation beyond this amendment to her additional statement of facts. Specifically, I am not permitting Boucher to file an opposing statement of materials facts that admits, denies or qualifies defendants' original statements. I am giving her an opportunity to get her own record evidence in a cognizable form in order to allow me to make the assessment <u>Clarke v. Blais,</u> would require.

     I give Boucher until **August 10, 2009**, to provide this limited supplementation. If Boucher declines to do so I will issue a recommendation on the motion for summary judgment on the record as it now stands. If Boucher does file the supplementation the defendants will have ten days from the date the supplementation is filed to reply to Boucher's responsive pleadings. ***So ordered.***

                                               /s/ Margaret J. Kravchuk
                                               U.S. Magistrate Judge

July 22, 2009.

---

[4] I am not suggesting at this juncture that Boucher's affidavit statement would or would not be sufficient record evidence for the material facts; that determination will be made when the court sorts through the entire factual record.